NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0326n.06

No. 11-4134

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Apr 03, 2013*
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| KRISTIN KEPREOS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ALCON LABORATORIES, INC., and | ) | NORTHERN DISTRICT OF OHIO |
| CRAIG VLAANDEREN, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before:  DAUGHTREY, KETHLEDGE, and DONALD, Circuit Judges.

PER CURIAM.  Plaintiff Kristin Kepreos formerly worked for defendant Alcon Laboratories as an account manager, in charge of promoting the sale of Alcon's refractive lenses to physicians' offices and clinics in Northern Ohio.  Alcon was headquartered in Texas;  Kepreos worked out of an office in her home in Chagrin Falls, Ohio.  She sued the company and several Alcon officers and managers, claiming that she had been terminated from her position in violation of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 - 1461; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17; the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 - 12213; and various provisions of Ohio state law that parallel those federal statutes.  She also alleged that the defendants maintained a work environment that was sexually demeaning to

women and that the defendants were liable under state law for intentional infliction of emotional distress and violation of Ohio's public policy. The district court dismissed three individual defendants from the suit, finding – correctly, we conclude – that the court lacked personal jurisdiction over them. After both the plaintiff and the remaining defendants filed motions for summary judgment, the district court denied the plaintiff's motion and granted summary judgment to the defendants.

That decision in favor of the defendants was predicated, first, upon the court's conclusion that Kepreos had failed to exhaust her administrative remedies with regard to the claims based on Title VII and the ADA. The plaintiff has not appealed that ruling and, thus, has effectively abandoned those federal claims. Moreover, because her ADA claim was "associational" in nature and because Ohio's disability-discrimination statute does not provide for such a claim, *see generally* Ohio Revised Code Ch. 4112, the district court correctly ruled that the plaintiff could not assert it under state law. The district court also held that there was no evidence to support the claim that the employer had interfered with the plaintiff's ERISA rights by terminating her in order to defeat her entitlement to health benefits for her daughter, who suffered from a cardiac ailment.

As for the other discrimination claims based on the Ohio statutes, the district court properly held that even if Kepreos could establish a *prima facie* case, she had not produced any proof that Alcon's reason for her termination was pretextual. The company proffered evidence that Kepreos had engaged in repeated instances of abuse of the Alcon

credit card that had been given her to cover legitimate business expenses. She had repeatedly charged personal items on the card but logged them on her expense account as "office supplies," and she had purchased gift cards on several occasions, some for as much as $100. If she then used them for herself or her family, the result was clearly theft from the company. If, as she said, she had given them to prospective clients as "incentives" to do business with Alcon, she had violated well-established company policy. Both possibilities were considered grounds for termination. Moreover, when confronted about the credit card abuse, Kepreos resorted to deception, giving what amounted to preposterous excuses for her conduct and claiming that she had offset personal expenses on her business card with business expenses on her personal credit card. Kepreos's figures purportedly showed that Alcon owed *her* money, but the appellate record establishes that many of the unauthorized purchases she made with the business card had not been included in her calculations.

The district court also discounted the plaintiff's allegations regarding the existence of a hostile work environment, finding that the instances of sexual harassment that Kepreos identified were both isolated and few in number – not surprising, given the fact that most of her work for the company was conducted from her home office – and that she had failed to follow the company's established process for reporting those instances. "Accepting all of plaintiff's evidence," the district court held, "no [reasonable jury] could determine that the workplace was permeated with discriminatory intimidation, ridicule, and

insult sufficiently severe and pervasive so as to alter plaintiff's conditions of employment," citing *Grace v. USCAR*, 521 F.3d 655, 678 (6th Cir. 2008).

Finally, the district court found no merit to the plaintiff's claim that replacing her with the son of another Alcon employee amounted to sex discrimination, especially in light of her deposition testimony in which she denied that her termination was based on gender. The district court likewise discounted the state-law tort claims based on allegations of intentional infliction of emotional distress and violation of state public policy, finding that the plaintiff had failed to satisfy the elements of those claims.

The only other matter raised on appeal concerns the district court's ruling that denied the plaintiff's motion to compel discovery of various Alcon officers' personnel files and records pertaining to their expense accounts. The district court found that the requests were overly broad in scope and not reasonably calculated to lead to the production of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). Reveiwing the district court's decision for abuse of discretion, we find none.

Having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendants have been fully articulated by the district court, the issuance of an additional detailed opinion by this court would be duplicative and would serve no useful jurisprudential purpose. Accordingly, we AFFIRM the judgment of the district court based upon the reasoning set out by that court in its order

denying the plaintiff's motion to compel production of documents, dated March 11, 2011;

in its memorandum opinion and order dismissing three individual defendants, dated

June 6, 2011; and in its memorandum opinion and order granting the defendants summary

judgment, dated November 9, 2011.